IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00793-BNB

JOHN NASIOUS,
    Applicant,

v.

DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS
    ENFORCEMENT, DENVER DISTRICT,
JEFF COPP,
MICHAEL C. WHEELER, and
PRESIDENT OF THE UNITED STATES GEORGE W. BUSH,
    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2006

GREGORY C. LANGHAM
CLERK

ORDER TO SHOW CAUSE

Applicant John Nasious is incarcerated at the Denver County Jail in Denver, Colorado. Mr. Nasious has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by the Department of Homeland Security, Immigration and Customs Enforcement (ICE). The court must construe the application liberally because Mr. Nasious is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nasious will be ordered to show cause why this action should not be dismissed.

Mr. Nasious alleges that he has been sentenced by the Denver District Court to a term of community corrections. He further alleges that officials at the Denver County Jail, who are not named as Respondents in this action, have not released him to serve

his sentence in community corrections because of the immigration detainer. Mr. Nasious claims that the immigration detainer violates his constitutional rights because he is a citizen of the United States. As relief in the instant action Mr. Nasious seeks a declaration that he is a United States citizen, release from incarceration and placement in community corrections, and money damages. Mr. Nasious is not challenging the validity of his state court conviction or his sentence to community corrections.

Pursuant to 28 U.S.C. § 2241(c), Mr. Nasious may assert his immigration claims against Respondents only if he is in ICE custody. The fact that the ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement. **See Galaviz-Medina v. Wooten**, 27 F.3d 487, 493 (10th Cir. 1994). Therefore, Mr. Nasious will be ordered to show cause why this action should not be dismissed because he is not in custody for the purposes of the claims he seeks to raise. Accordingly, it is

ORDERED that Mr. Nasious show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order. It is

FURTHER ORDERED that if Mr. Nasious fails to show cause to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED May 18, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00793-BNB

John Nasious
Prisoner No. 437888
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk