IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00793-PSF-MEH

JOHN NASIOUS,

    Applicant,

v.

DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS ENFORCEMENT, DENVER DISTRICT,
JEFF COPP,
MICHAEL C. WHEELER, and
GEORGE W. BUSH, President of the United States,

    Respondents.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

### INTRODUCTION

Applicant has pending before this Court an Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"). Respondents have filed a Motion to Dismiss the Application, arguing that this action is subject to dismissal for several reasons. Applicant has submitted his response in resistance to the motion, and a reply has been filed by the Respondents. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Fed.R.Civ.P. 72(b), this matter has been referred to me for Recommendation on matters which are dispositive.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Applicant is a state prisoner, detained at a state correctional facility, who challenges an immigration detainer filed against him by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Applicant alleges in a federal habeas Application filed *pro se* in this Court that he had been sentenced in state court to a term of community corrections, but jail officials will not release him to begin serving the community corrections sentence because of the ICE detainer. The Applicant seeks a declaration that he is a citizen of the United States, release from incarceration and placement in community corrections, and money damages. He does not challenge the validity of his state court conviction or his sentence to community corrections.

Respondents have filed a motion seeking to dismiss the Application, arguing that the fact that the ICE issued a detainer is not sufficient by itself to satisfy the custody requirement for this habeas proceedings. The Respondents also argue that the detainer has been removed and that the Applicant is a United States citizen, so therefore, the case is moot. Finally, the Respondents contend that the Applicant has failed to name the appropriate respondent in this matter, because he has not named the custodian of the facility where he is held. In his response to the motion, the Applicant admits that the detainer has been released and that he is an citizen of the United States, but argues that the case is not moot because of the treatment he was subjected to while awaiting release of the detainer.

Because applicant is proceeding without counsel, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). To maintain this action, the Applicant must demonstrate that there is "some concrete and continuing injury." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The applicable statute in this matter, 28 U.S.C. § 2241(c)(1), provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless -- [h]e is in custody under the color of the authority of the United States or is committed for trial before some court thereof . . . ." Because the ICE detainer has been removed, and Applicant has alleged no other basis for custody

under color of federal law, "there is nothing for us to remedy." *Id*. at 18. "[M]ootness, however it may have come about, simply deprives [the federal court] of [its] power to act." *Id.* A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Both conditions are satisfied in this case, because any effects of the alleged violation have been removed by the release of the detainer, and because he is a United States citizen, the Applicant has no reasonable expectation that the alleged violation will recur. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Applicant contends that this case is not moot, because his constitutional rights were violated and therefore, he is entitled to damages. However, such relief is not appropriate in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 493-94 (1973); *Gille v. Booher*, 2000 WL 1174612, *1 (10th Cir. 2000); *see, also, Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (noting that an application for habeas corpus "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement," while a civil rights action for damages "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions" (citation omitted)). Accordingly, because this action has been rendered moot, Applicant's request for habeas relief should be denied.

The issues presented in this matter exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See, generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

## **CONCLUSION**

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that the Respondents' Motion to Dismiss Application for Writ of Habeas Corpus [Filed September 11, 2006; Docket #27] be **granted**, and that this case be dismissed in its entirety.

Dated at Denver, Colorado, this 16th day of October, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge